## 9347

### MAJOR *ET AL.* v. MAJOR *ET AL.*

#### (88 S. E. 355.)

1. PARTITION—BY CONVEYANCE—EFFECT.—A deed from a life tenant and part of the remaindermen to the other remaindermen conveyed the life estate, and, in so far as it was a conveyance, set the bounds of possession and title of the remaindermen.

2. PARTITION — BY CONVEYANCE — ESTATES CONVEYED—CONSTRUCTION— FEE.—Testator devised all his real and personal estate to his wife for life, and directed that on her death it be sold and the proceeds equally divided among his three sons and two daughters. Before the death of the life tenant, the parties agreed to divide the land, and the life tenant and the two daughters, having a fee in remainder, conveyed to the three sons 248 acres, charged with the support of

the life tenant, and the life tenant and the three sons conveyed 200 acres to the two daughters and their "bodily heirs," and the daughters divided their land between them by deeds to each other purporting to convey a fee simple. The daughter L, survived the life tenant and died without children, devising her property to a brother, and her sister and grantor died leaving one child. *Held,* in a suit for partition on the theory that the daughter L. took under the deed from the life tenant and the other remaindermen only a fee conditional, and that as she had no bodily heirs her estate terminated on her death and her interest reverted to the estate of the testator to be distributed among his heirs, that she took the fee, so that her interest did not revert, but went to her devisee.

3. ESTOPPEL — BY DEED — PURCHASE OF CLOUD ON TITLE — EFFECT.—A landowner buying a mere cloud upon his title is not thereafter forced to rely solely upon his last deed.

Before MEMMINGER, J., Pickens, October, 1915. Reversed.

Action for partition by S. A. Major and W. A. G. McWhorter against J. W. Major and others, in which, after the death of plaintiff, Major, his executrix and executor were substituted as parties plaintiff. Decree for the substituted representatives of the plaintiff, Major, and defendant, J. W. Major, and plaintiff, W. A. G. McWhorter, appeal.

*Messrs. Carey & Carey,* for J. W. Major, appellant, cite: *As to reconversion:* 90 S. C. 146; 99 S. C. 151; 101 Am. St. Rep. 118; 3 Wheat. 564; 6 R. C. L. 1090; 18 Am. Rep. 66; 21 Pa. Sup. Ct. 60. *As to mistake:* 85 S. C. 472; 67 S. C. 280; 44 S. C. 22; 13 Rich. Eq. 42. *Estoppel:* 2 Nott & McC. 52; 1 *Ib.* 334; 3 McC. 411; 17 S. C. 592; 21 S. C. 55; 93 S. C. 254; 20 S. C. 317.

*Messrs. Brezeale & Pearman,* for W. A. G. McWhorter, appellant, cite: *As to effect of partition:* 30 Cyc. 166, 167; 21 Am. & Enc. of L. (2d ed.) 1136; 81 N. E. 711; 65 Fed. 746; 106 N. E. 780; 15 Ohio 337; 2 Ohio 208; 51 N. E. 968.

*Effect of general warranty:* 48 S. C. 348; 84 S. C. 426; 57 S. C. 507; 76 S. C. 537.

*Messrs. C. E. Robinson* and *Haynsworth & Haynsworth,* for heirs of S. A. Major, respondents, cite: *As to mistake:* 18 S. C. 493; 76 S. C. 269.   *Reformation:* 1 Hill Eq. 251; 67 S. C. 280.   *Family settlements:* 2 Strob. 149; 9 Rich. Eq. 498; 96 S. C. 83.   *Reverter:* 2 Hill Ch. 248.

March 21, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case is not free from difficulties.   There are several complications, and yet by a careful study of the case, keeping in mind the fundamental principles of law, the difficulties may be solved according to law and justice.   The law is a wonderful science, and, when it fails to do justice, it is because we have overlooked some principle or some fact.

James Major made his will and died.   The Circuit decree finds (from this there is no appeal) that:

"James Major devised all of his estate, real and personal, to his wife, Elizabeth Major, for life, and directed that at her death the same be sold by his executors and the proceeds equally divided among his five children, viz.: Stephen A. Major, John W. Major, J. William Major, Harriett McWhorter, and Lucy A. Smith."

Before the death of the life tenant, the parties agreed to divide the land.   The life tenant and the two daughters conveyed to the three sons 248 acres, in fee simple absolute, charged with the support of the life tenant, and the life tenant and the three sons conveyed to the two daughters 200 acres of the land.   This deed was to the daughters and "their bodily heirs."   Mrs. McWhorter and Mrs. Smith (the daughters) divided their tract of land between them, making deeds to each other, and each of these deeds purported to convey a fee simple.   Mrs. Smith never had a child.   Mrs.

McWhorter had several, but died leaving one child, who is a party. This suit is brought on the theory that Mrs. Smith took under the deed from her brothers and mother only a fee conditional, and, inasmuch as Mrs. Smith never had any "bodily heirs," her estate terminated with her life, and the property assigned to her reverted to the estate of James Major, her father, and is now to be distributed among those who are her father's heirs. Mrs. Smith made a will, giving her property to her brother, James W. Major; but, of course, if she had only a fee conditional, then her interest terminated with her life, and her will can carry no part of this land. The judgment appealed from found that Mrs. Smith had a fee conditional, and ordered the land sold and the proceeds divided among the heirs of James Major, the testator. From this judgment this appeal is taken.

There are numerous exceptions, but only one question, to wit: What estate did Mrs. Smith take in her portion of her father's property?

If we start back at the beginning of this record, we find that Mrs. Smith had a fee in remainder, under her father's will, in whatever she took. The full right to the fee was only postponed until the expiration of the life estate, and that expired before her death. The deed from the life tenant and the three remaindermen to Mrs. McWhorter and Mrs. Smith effected two purposes, *i. e.,* to convey the life estate of their mother and set the bounds of possession and title of the brothers and sisters. In so far as it was a conveyance, it could limit the estate conveyed.

It is true that, if Mrs. Smith took from James Major an estate in fee conditional, then at her death (she not having had issue) the land would have reverted to James Major and would be distributable among his heirs. James Major did not devise a fee conditional. If Mrs. Smith took a fee conditional, then the fee conditional was created by Mrs. Elizabeth Major, the life tenant, and Mrs. Smith's brothers, who were her cotenants. Inasmuch as Mrs. Smith survived the

life tenant, her will does not purport to dispose of any portion of her mother's life estate. The life estate being eliminated, the deeds must now be considered as a partition among cotenants.

James W. Major claims that, even if Mrs. McWhorter took a fee conditional, still Mrs. McWhorter has "bodily heirs," and she could and did convey a fee to Mrs. Smith by the second deed of partition. To this, reply is made that a deed of partition conveys the estate hold by the cotenants and can convey no other. Authorities are cited to sustain the proposition that, inasmuch as Mrs. McWhorter had a fee conditional, and the deed to Mrs. Smith was a deed in partition, Mrs. McWhorter conveyed to Mrs. Smith only a fee conditional. The proposition is that, while one who holds an undivided interest in land in fee conditional (having bodily heirs) may convey to a stranger the fee, she can convey to her cotenant only a fee conditional, because that was the nature of her own title. It makes no difference that the deed was made before the birth of issue. See *Holley* v. *Still*, 91 S. C. 495, 74 S. E. 1065.

It is not necessary to decide that question here, because the claimant has overlooked a fact, to wit, there were two sets of deeds of partition, and the grantors in the first deed had a fee simple title. If deeds of partition carry the estates of the grantors, without regard to, and in spite of, the language used, then Mrs. Smith took a fee simple under the first deed. If Mrs. McWhorter could convey to Mrs. Smith the estate she could convey to a stranger, then Mrs. Smith took a fee simple. Under either horn of the dilemma, Mrs. Smith took a fee.

It is said, however, that, when the sister took this deed from their mother and brothers, they estopped to deny its terms and must hold in accordance with it. If the contest here was over any portion of the life estate of Mrs. Elizabeth Major, the proposition would have much force. So far as the cotenants (in remainder) of the sisters are con-

cerned, it was at most a surrender of a fee simple for a fee conditional, in favor of the bodily heirs of the sisters. These bodily heirs are not here to claim the estoppel as to their mother's share.

The deed from the brothers to the sisters has not hurt the parties now claiming the estoppel of this deed. Estoppel does not apply to this case. We have been cited to no authorities, and we know of none, that holds that, if a landowner buys a mere cloud upon his title, he is thereafter forced to rely solely upon his last deed.

The judgment of this Court is that the judgment appealed from is reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE GAGE, *concurring.* I concur with the leading opinion of Mr. Justice Fraser that the judgment of the Circuit Court must be reversed and the complaint dismissed. The will of James Major is the scarlet thread which runs through the case. When the particular deed which is in issue was made and recorded, that from the mother and sons to the daughters, there was attached to the record of it a copy of the will of James Major. The plain inference from that circumstance is that the deed was intended to be made under the authority of that will, and pursuant to its limitations. An expert scrivener would have written in the deed that the warrant and chart for it was a will duly recorded. The inexpert scrivener attached the physical copy of the will to the recorded copy of the deed. The two acts mean the same thing.

Looking, then, to the will, it bequeathed to the daughters an absolute title to one-fifth of the proceeds of sale of the land; and, if the deed had followed the will, it would have done the same thing. There was no apparent reason to depart from the terms of the will, and the circumstances

cited is directly against such departure.   There is yet another circumstance.   The scrivener was a layman, a surveyor of lands, and likely belonged to a well known class of men who think that the only sort of an heir a woman can have is a "bodily heir."

The cross deed he drew the same time, from the mother and daughters to the sons, bears on its face the evidence of the scrivener's inexpert character.

There is yet another circumstance.   All the sons and daughters, only one of whom yet survives, acted upon the assumption that the three sons got in fee three-fifths of the lands and the two daughters got in fee two-fifths of the lands.   It was left for their descendants to take a different view.   All the presumptions of fact are against the daughters' consent to invest their absolute money in a limited title. The sons had no right to do so except by the daughters' consent.

A mistake of the character in question needs not to be proved by direct testimony or by much testimony; it may rest in circumstances, as is the case here; and it may be within a very small compass, as is the case here.   If the circumstances carry conviction, that is sufficient; and they do carry conviction in the instant case.

On the issue of conversion, also, we think the judgment below is wrong.   The testator ideally converted the land into money, and stamped the money as the absolute coin of his children; the children ideally reconverted the money into land; the character of the money followed it into the land, and impressed the land with an absolute title in the children. The right and title of the children rested in the will, and not in the cross deeds; and the cross deeds were powerless to change the right except upon clear consent of grantors and grantees.   It is a familiar principle of equity that, if A buys land with B's money, the land becomes B's.   A kindred result follows in the case at bar.   The presumption of law is, then, that all the children took a fee in the land, and that

will not be overcome except upon clear proof of a different intention on the part of all the children. There is no such proof except the deed, and, as aforementioned, the circumstances of the case are all against that interpretation of the deed.

Looking at the deed alone, it warrants the construction the Circuit Court put upon it, and none other; but, looking at it in the light of its history, the deed will not be followed to its literal and verbal consequences.

MR. JUSTICE HYDRICK dissents.